**Billy Paul BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46867.**

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

**138** ▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬

———◆———

Elaine Hocker, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, and Greg Laughlin, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for assault with intent to murder a peace officer. The punishment, enhanced by two prior felony convictions under Art. 63, Vernon's Ann.P.C., was assessed at life imprisonment.

Appellant challenges the sufficiency of the evidence to show that the assault on the policeman was with intent to kill.

The evidence showed that an on-duty officer of the Houston Police Department in full uniform was approached by three females at about 11:00 p. m. on October 22, 1971, while he stood on Ennis Street. They called his attention to appellant, and told him the appellant had threatened them with a pistol. The officer testified that the appellant was then standing about seventy-five yards from him on Bula Street. As the officer approached him, appellant turned and began walking away. The appellant "speeded up his pace," and the officer shouted to him to stop. Appellant disappeared around the corner of a building. The officer ran to the corner, and saw appellant running. Then, with the officer in pursuit, appellant ran for several blocks along Elgin Street. The officer testified that the lighting along this street was "particularly good." Appellant finally stopped in an area between a gasoline station and a parking lot. The officer testified that the appellant then turned toward him and fired a shot at the officer. The officer fired one shot at appellant, whereupon appellant ran twenty or thirty feet toward the officer. The officer fired a second round, then approached appellant and found him lying wounded on a sidewalk, a pistol on the ground at his side. The pistol was recovered and introduced in evidence at the trial. The officer testified that he was not hit by appellant's bullet, and that he did not hear the bullet hit anything. He said that he did not hear the bullet "come past him," and that he did not know where the bullet had gone.

▬ Appellant challenges the sufficiency of the evidence to show that he assaulted the police officer *with intent to kill.* A specific intent to kill is an essential element of the offense of assault with intent to murder, but the trier of facts may infer the intent to kill from any facts in evidence which prove the existence of such intent. Hall v. State, 418 S.W.2d 810 (Tex.Cr.App.1967).

▬ Intent to kill may be inferred from the use of a deadly weapon. Art. 45, V.A.P.C.; Ortiz v. State, 490 S.W.2d 594 (Tex.Cr.App.1973); Rodriguez v. State, 486 S.W.2d 355 (Tex.Cr.App.1972); Carlisle v. State, 488 S.W.2d 428 (Tex.Cr.App. 1972); Klechka v. State, 475 S.W.2d 257 (Tex.Cr.App.1972). A pistol is a deadly weapon per se. Ortiz v. State, supra; Carlisle v. State, supra; Rodriguez v. State, supra; Gamblin v. State, 476 S.W.2d 18 (Tex.Cr.App.1972); Valle v. State, 438 S.W.2d 583 (Tex.Cr.App.1969). Moreover, proof of infliction of injury is not necessary to conviction for assault with in-

tent to murder. Hall v. State, supra. Here there is sufficient evidence to warrant a finding that appellant used a pistol, a deadly weapon, from which fact the intent to kill was inferred.

Appellant's contention is overruled.

Appellant argues in his second ground of error that the trial court abused it discretion when it permitted two police officers to testify as to the point of entry and exit of the bullet which injured appellant. Both officers testified that the entry wound was located in appellant's chest, while the exit wound was in his back. Appellant made no objection whatever when the questioned testimony was given by one of the officers. When he failed to make objection at the first opportunity, appellant thereby waived any error as to the admissibility of the testimony. Satillan v. State, 470 S.W.2d 677 (Tex.Cr.App.1971); Marshall v. State, 471 S.W.2d 67 (Tex.Cr.App. 1971); Lopez v. State, 468 S.W.2d 365 (Tex.Cr.App.1971); Curry v. State, 459 S.W.2d 644 (Tex.Cr.App.1970).

█ Timely objection was made to the testimony of the second officer on the ground that he was not qualified to give such testimony. The officer testified that he had worked for two years as a Detective in the Homicide Division, had spent five years "on the street" as a policeman, and had seen many persons who had been shot. Among these victims were an unspecified number who had been shot with the same type of weapon used here, a .45 automatic. Further, the officer testified that there are differences in the appearance of entry and exit wounds from bullets. He went on to describe the differences. Based on this experience, together with his observation of appellant's wounds at the emergency room of the hospital, the officer had an opinion as to the location of the entry and exit wounds from the bullet. Under these circumstances, the Court did not abuse its discretion in allowing the officer to state his opinion over objection.

█ Appellant alleges that the Court committed fundamental error in overruling appellant's pro se "Motion to Quash the Habitual Portion of the Indictment." The argument seems to be that two convictions utilized for enhancement were invalid because the guilty pleas on which they were based were coerced in violation of appellant's Sixth Amendment right to trial by jury. In one of the three prior felony convictions alleged for enhancement by the State, appellant had been originally indicted as a second offender; in another, he had been indicted as an habitual criminal. In each case, the enhancement allegations were dropped and appellant then pleaded guilty to the primary offense. The coercion, appellant says, arose from the threat that a plea of not guilty in each case would have resulted in a trial on a charge including the enhancement allegations. In each case appellant might then have received a far more severe penalty on a finding of guilty than he in fact received on the guilty plea.

Appellant, however, offered no evidence on the motion to support his contention that the pleas in the previous cases resulted from the threat of stiffer punishment.[1] See Guerra v. State, 478 S.W.2d 483 (Tex.Cr.App.1972) and Kwant v. State, 472 S.W.2d 781 (Tex.Cr.App.1971).

We overrule appellant's final ground of error.[2]

The conviction is affirmed.

Opinion approved by the Court.

1. It is not even clear whether the motion we find in the record was ever presented to the Court. There was no written order of the Court overruling the motion. Twice in the transcription of the court reporter's notes mention is made of appellant's "habitual motion" or "legal motion." The Court notes both times that the motion has been overruled. However, no further description of the motion is given, and there is no way for this Court to be certain that the appellant's "habitual motion" and the motion appearing in the record are one and the same.

2. Even ignoring the absence of proof, arguments similar to appellant's, in essence an attack on the plea bargaining system, have been overruled by this Court in Gaither v. State, 479 S.W.2d 50 (Tex.Cr.App.1972) and Reyna v. State, 478 S.W.2d 481 (Tex.Cr.App.1972).