Jesus Sandoval GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 52145.

Court of Criminal Appeals of Texas.

Sept. 15, 1976.

Hector Yznaga, Brownsville, Court appointed, for appellant.

Selden N. Snedeker, Dist. Atty., David B. Lanford, Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for attempted murder under V.T.C.A. Penal Code, Sec. 15.01 and Sec. 19.02. Appellant was tried before a jury which found him guilty. Punishment, enhanced under V.T.C.A. Penal Code, Sec. 12.42, was assessed by the court at life in the Texas Department of Corrections.

In his first ground of error appellant contends that it was error for the trial court to overrule his motion for an instructed verdict of not guilty because the evidence failed to establish that appellant had the "specific intent" to kill.

The record in this case contains the testimony of the prosecuting witness, Margarito Ayala, and his brother Manuel Ayala and a nephew, Juan Ayala. The testimony of all three is substantially the same and is to the effect that they had been drinking in the Ruiz Bar in Brownsville from 6:00 p.m. until 10:00 p. m. on March 2, 1975. They all stated that they got in their car to leave shortly after 10:00 o'clock. As they pulled out of the parking lot appellant approached from across the street and stood in the path of the Ayala car preventing their departure. Manuel Ayala, the driver of the car, shouted to appellant to get out of the way and the two exchanged words. The Ayalas stepped out of their vehicle and appellant drew his .22 pistol and began firing, first at Manuel and then at Margarito, who was hit in the abdomen and fell to the street. Appellant ran down the street to a nearby cafe where he was apprehended a short time later.

The indictment charges that appellant "did then and there attempt to cause the death of Margarito Ayala by shooting him with a gun, having at the time *the specific intent to commit the offense of murder.*" (Emphasis added) Appellant contends that under this charge the State had the burden to present "clear and convincing evidence"

that appellant had the specific intent to kill Ayala.

Appellant's contention is without merit. This indictment charges appellant with attempted murder. Under V.T.C.A. Penal Code, Sec. 15.01, a person commits the offense of criminal attempt if, *with specific intent to commit an offense,* he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. The offense which appellant is alleged to have had the specific intent to commit is "murder." Under V.T.C.A. Penal Code, Sec. 19.02, a person commits the offense of murder if he either (1) intentionally or knowingly causes the death of an individual or (2) if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

■ Specific intent to kill, therefore, is not an essential element of proof of the offense of murder under Section 19.02(a)(2). It is sufficient to show only the intent to cause serious bodily injury. *Baldwin v. State,* 538 S.W.2d 615 (Tex.Cr.App.1976).[1] It follows that to prove an "attempted murder" it is sufficient if the accused has the intent to cause serious bodily injury[2] and commits an act "amounting to more than mere preparation" that could cause the death of an individual but fails to do so.

■ We note that under the prior penal code in a trial for assault with intent to murder the specific intent to kill was an essential element of proof. *Bell v. State,* 501 S.W.2d 137 (Tex.Cr.App.1973). However, the jury, as sole trier of the facts, could infer the specific intent to kill from the use of a deadly weapon. A pistol is a deadly weapon per se. *Bell,* supra. It is likewise reasonable for the jury in a trial for attempted murder, under the present penal code, to infer the "intent to cause serious bodily injury" from the use of a

deadly weapon; however, if a deadly weapon is not used, a different question would arise.

■ Under the foregoing analysis, it is clear that the evidence in the instant case is sufficient to support the jury's verdict.

Appellant's ground of error is overruled.

■ In a pro se ground of error appellant contends that the State introduced an "invalid prior conviction" for the purposes of enhancement. Appellant contends that the sentence in Cause No. 11,347 does not reflect that appellant was represented by counsel and that it is, therefore, void on its face. No motion to quash the enhancement paragraphs of the indictment was filed and no objection was made to the introduction of the prior conviction. Appellant raises precisely the same contention raised by the defendants in *Olson v. State,* 505 S.W.2d 895 (Tex.Cr.App.1974); *Clark v. State,* 496 S.W.2d 83 (Tex.Cr.App.1973); and *Boss v. State,* 489 S.W.2d 580 (Tex.Cr.App.1973). We held in all three cases that no error was shown.

Appellant's second ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

---

1. We note that appellant makes no complaint about the sufficiency of the indictment and as in *Baldwin,* supra, we need not reach the question of whether an indictment for attempted murder must specify murder under V.T.C.A. Penal Code, Sec. 19.02(a)(1) or (a)(2) or (a)(3).

Appellant filed no motion to quash and the indictment is not fundamentally defective.

2. Serious bodily injury is defined in V.T.C.A. Penal Code, Sec. 1.07(a)(34).