**Anthony Paul GODSEY, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 04–81–00114–CR.

Court of Appeals of Texas,
San Antonio.

July 21, 1982.

Rehearing Denied Sept. 8, 1982.

Discretionary Review Granted
Nov. 24, 1982.

David K. Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Peter A. Sakai, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CLARK, JJ.

## OPINION

CLARK, Justice.

This is an appeal from a conviction for attempted capital murder. Trial was to a jury, which assessed punishment at ten years' confinement. The sufficiency of the evidence is challenged.

Early on the evening of May 12, 1979, appellant was seen firing a pistol into the air near the Nimitz Apartments in San Antonio. Officers of the San Antonio Police Department were dispatched. Between twelve and twenty-six officers eventually arrived at the scene. The first officers to arrive were told by bystanders that appellant was shooting at some children who were playing around the swimming pool area. The officers ascertained that appellant was in apartment F–6 with seven other people. The officers then surrounded the second-floor apartment and shouted that they were police officers and for appellant to come outside with his hands in the air. Thirty to forty minutes later six of the eight members of the group emerged from the apartment without appellant. A three-year-old child remained asleep in a back bedroom. Officers West and Renken had positioned themselves six feet away from the open door of the apartment but could not see into the apartment. They continued to shout for appellant to come outside. One to two minutes after the first group of people emerged, appellant stepped outside alone. Renken ordered appellant not to touch his gun. Officer Teel told appellant to place his hands over his head. Appellant slowly pulled a .45 caliber revolver from the waistband of his jeans. He allowed the muzzle to point downward at a forty-five degree angle and, thus, in the general direction of several officers positioned on the ground below the apartment. Appellant then leveled the pistol at officers Teel and Gaston, who were standing twelve to fifteen feet away on the balcony opposite the entrance to apartment F–6. Three officers, including Teel and Gaston, responded instantly by firing at appellant, who was hit in the jaw. Appellant was found in the hall area of the apartment, having been thrown there by the impact of the bullet that struck him. Appellant's gun was found several feet from his body. Although appellant's pistol was loaded, it was never fired. There was no testimony that the pistol was cocked or that appellant had his

finger on the trigger when he pointed it at the officers.

Appellant testified that he had been released from the state hospital eight days prior to the day of the offense after undergoing treatment for alcoholism; that on the day of the offense he was depressed and considering committing suicide; that he left the pistol in a bedroom, walked down the hall, and was shot before he reached the kitchen; that he did not remember going outside and confronting the officers; that at the time of the incident he did not know that there were officers at the scene; and that he had no intention to kill anyone but himself on the day in question. The eleven officers who testified indicated generally that the motions made by appellant in drawing the gun were made slowly.

■ Appellant contends in his first two grounds of error that the evidence is insufficient to sustain the conviction because it does not show that he engaged in an act amounting to more than mere preparation for the offense of capital murder, *see* Tex. Penal Code Ann. § 15.01(a) (Vernon 1974), or that he had the specific intent to commit the offense of capital murder, both as alleged in the indictment.

The State contends that the jury could infer from appellant's use of a deadly weapon that he had the specific intent to kill, citing *Garcia v. State,* 541 S.W.2d 428 (Tex. Cr.App.1976). The facts in *Garcia* were considerably different than the facts that are before us. In *Garcia* the accused's "use" of a pistol included firing several shots at two potential victims, one of whom he managed to hit in the abdomen. The facts before us are more nearly like those in *Carvajal v. State,* 529 S.W.2d 517 (Tex.Cr. App.1975), in which the accused pointed a loaded gun at police officers who were attempting to arrest him and lost the weapon in an ensuing struggle with the officers. In *Carvajal* the accused was charged with and

convicted of aggravated assault. The court there held that "[t]he evidence, which showed that appellant used a loaded gun intentionally and knowingly to threaten a police officer with imminent bodily harm, was sufficient to support the conviction." 529 S.W.2d at 521.

We are unable, however, to conclude that, considering all the facts and circumstances, a rational trier of fact could *not* find that appellant had the requisite intent to support a conviction for attempted murder or that his actions amounted to more than mere preparation for the offense. Accordingly, appellant's first two grounds of error are overruled.

■ In his third and fourth grounds of error, appellant alleges that the trial court erred in refusing to charge on the lesser included offenses of aggravated assault, Tex.Penal Code Ann. § 22.02 (Vernon 1979) and reckless conduct, Tex.Penal Code Ann. § 22.05 (Vernon 1979). It is well settled that appellant's testimony that he had no intent to kill required the trial court to charge on the lesser offense of aggravated assault, and the court's refusal to do so was reversible error. *Ruiz v. State,* 523 S.W.2d 691 (Tex.Cr.App.1975); *Thompson v. State,* 521 S.W.2d 621 (Tex.Cr.App.1974).[1] In *Ruiz* the court held:

In prosecutions for assault with intent to murder, unlike prosecutions for murder, if the defendant testifies he did not intend to kill the victim even though the weapon used is a deadly weapon per se used in a deadly manner it is necessary to charge the jury on specific intent to kill and on aggravated assault if there is a proper request for these charges. Art. 45, V.A.P.C. [Now Tex.Penal Code Ann. § 2.05 (Vernon 1979)], does not apply if the attack does not result in death and the use of a weapon deadly per se in a deadly manner raises only a rebuttable presumption of fact. *Watts v. State,* 151

1. The trial court's refusal in this case to submit a charge on any lesser offense left the jury with an all-or-nothing choice of convicting the appellant of attempted capital murder or setting him free. Because of the trial court's omission, we do not know how the jury would have applied the law to the facts had it been instructed on the elements of lesser included offenses.

Tex.Cr.R. 349, 207 S.W.2d 94 (1947); *Barr v. State,* [146 Tex.Cr.R. 178, 172 S.W.2d 322 (1943)]; *Thompson v. State,* 521 S.W.2d 621 (Tex.App.1974).

523 S.W.2d at 695. The same testimony, together with the evidence of appellant's somewhat ambiguous actions, also raised the issue of reckless conduct. The appellant was entitled to an instruction on every issue raised by the evidence, regardless of the source or strength of the evidence. *Thompson v. State,* 521 S.W.2d at 624. Appellant's third and fourth grounds of error are sustained.

The judgment is reversed and the cause remanded for a new trial.