Brady DAVIS, Appellant,

v.

STATE of Texas, Appellee.

No. B14–81–443CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 3, 1983.

Will Gray, Houston, for appellant.

Richard Mason, Jack Frels, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

The appellant was convicted of aggravated robbery and, after sentence was enhanced, appealed. Appellant raises two grounds of error. We find no error in the judgment below and affirm.

On April 29, 1981, Michael Leonette was going to meet a client in an office building at 7880 San Felipe. Leonette parked his automobile on the street level of the covered parking garage of the office building. He walked across the garage carrying his brief case. When Leonette reached the staircase he was met by the appellant who came out from behind the stairwell. Appellant grabbed him and then placed a loaded .38 caliber pistol in his face. When Leonette refused to refused to release his brief case the appellant "pistol whipped" him about the face and head.

In his first ground of error, appellant contends that the evidence was insufficient to support a "verdict of guilt." A review of the record discloses that on cross-examination Mr. Leonette responded to certain questions proposed to him as follows:

Q. Well, tell the jury how big that gun looked when it was pointed at you?

A. It looked like a .38, old model .38. Any firearm faced at your face makes you afraid of your life.

Q. I'm not asking you that. Did that gun look like a cannon?

A. It looked like a .38, loaded. It had .38 special in it. It wasn't shorts. It was specials.

Q. You could tell by looking at the bullets?

A. Shorts will not come and protrude completely out to the cylinder. Specials come all the way on the end of the cylinder.

Q. And you had time when that man had the gun pointed at your face, you had time to take note of exactly what caliber it was and exactly what kind of bullets even though you were in fear for your life and this man was beating you about the head and—

MR. FRELS: Object. That's about three questions in one. Object to that type of question

THE COURT: Try to break it down, if you would.

Q. [BY THOMPSON] Mr. Leonette, while you were there in fear of your life, you're telling the jury you had time to tell what type of weapon if was?

A. When the man pointed the weapon at me, I looked at him straight in the face. The weapon was on me when he went for my briefcase.

Q. When this person tried to pull the briefcase from you, what did you do? Did you jerk away?

A. Not instantly.

Q. What did you do?

A. Looked straight in his face.

Q. And the weapon was pointed straight in your face at that time?

A. Yes.

Q. And you're telling the jury what type of weapon it was?

A. Just like I determined the license numbers on the car.

Q. Just let me ask the questions: Were you able to determine—how were you able to determine it was loaded? You're telling the jury—

A. It was loaded with the full shot shell which protruded from the chamber which I returned.

MR. FRELS: Can we get back to question and answer? He's arguing with the witness now.

THE COURT: I don't believe that's right. Go ahead.

Q. [BY MR. THOMPSON] Mr. Leonette, approximately how long was that gun in your face?

A. You want me to actually—

Q. I realize you don't have a stopwatch, but just approximately?

A. Okay. I'd say 50 seconds, a little less than a minute.

Q. During this time the gun was pointed at you face for 50 seconds?

A. (Nods head affirmatively.)

Q. That nod means yes?

A. Yes, sir. Yes, sir.

Q. Now, after this 50-second period, he was robbing you at that time, striking you with a pistol?

A. yes.

Tex.Penal Code Ann. § 1.07(a)(11)(A), (B)

(11) "Deadly weapon" means:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Tex.Penal Code Ann. § 29.03(a)(1), (2)

§ 29.03. Aggravated Robbery

(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

(1) causes serious bodily injury to another; or

(2) uses or exhibits a deadly weapon.

The evidence is sufficient to show that the gun used by the appellant was a "deadly weapon" and it was used and exhibited by the appellant as such. *Campbell v. State,* 577 S.W.2d 493 (Tex.Cr.App.1979). *Parrish v. State,* 647 S.W.2d 8 (Tex.App.— Houston [14th Dist.], 1982). Therefore, appellant's insufficiency ground is overruled.

In his second ground of error, appellant argues that there was a fatal variance between the allegations in the indictment and the proof that the gun used by appellant in the commission of the offense was a "deadly weapon". Basically, appellant contends that the pistol used in the commission of this offense was utilized as a bludgeon, and thus the evidence adduced at trial was insufficient to prove it was a "deadly weapon". This contention is erroneous. The use of a "deadly weapon" is an essential element of aggravated robbery. It is well established in Texas that a firearm is per se a "deadly weapon". *Giles v. State,* 617 S.W.2d 690 (Tex.Cr.App.1981); *Williams v. State,* 567 S.W.2d 507 (Tex.Cr.App.1978);

**156**

*Jackson v. State,* 548 S.W.2d 685 (Tex.Cr. App.1977); *Garcia v. State,* 541 S.W.2d 428 (Tex.Cr.App.1976); *Bell v. State,* 501 S.W.2d 137 (Tex.Cr.App.1973). Appellant's second ground is overruled.

There is no reversible error. The judgment is affirmed.