**Jose Sandoval GUERRERO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–163–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 26, 1983.

Alejandro Luna, Victoria, for appellant.

George J. Filley, III, Dist. Atty., Victoria, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for the offense of attempted murder. Trial was to the court. Despite his plea to the contrary, appellant Jose Sandoval Guerrero was found guilty of attempting to murder Mike Buchanek. Punishment was assessed by the trial court at confinement in the Texas Department of Corrections for a period of five years.

The record shows that sometime between midnight and 2:00 a.m. on the morning of November 14, 1981, Officer Billy Liddell of the Texas Alcoholic Beverage Commission was on "routine patrol" when he "observed a commotion going on" to the rear of a Shell service station in Victoria, Texas. Officer Liddell requested some assistance from the Sheriff's Department after he saw a subject, later identified as appellant, backing toward him with a "small pistol in his hand." After calling for assistance, he observed that appellant was moving the gun back and forth and pointing it at different people who were "trying to get to him." Officer Liddell testified that he identified himself as a peace officer and "hollered out" for appellant to "drop the pistol." He received no response.

Shortly thereafter a car attempted to "run down" appellant, and appellant fired several shots at the car. Officer Liddell continued to yell for appellant to give himself up, and just as he started to pursue appellant across a field, Deputy Sheriffs Lester Tait and Mike Buchanek arrived and joined in the pursuit. While pursuing appellant across a vacant lot, Officer Liddell fell into a ditch, and Deputy Buchanek overtook him for the lead in the pursuit.

Deputy Buchanek testified that, while pursuing appellant, he identified himself several times as a police officer and shouted for appellant to "stop." According to Deputy Buchanek, when he was within about 20 yards of appellant, appellant stopped and turned to face him. Buchanek observed that when appellant turned, appellant had a gun in his hand. At this point appellant's hand was by his side. Buchanek testified that appellant "raised his hand as if to aim towards me." As Buchanek responded by raising his own weapon toward appellant, he "saw and heard" appellant's gun go off. Deputy Buchanek returned fire toward appellant.

Deputy Tait testified that he took a route different from that taken by Buchanek in the pursuit of appellant. He further testified that he was "approximately 15 yards" behind Buchanek when he observed appellant "point a gun towards Officer Buchanek and fire."

Appellant was apprehended "hiding" in a tree. A pistol was found "in the tree where he had been sitting."

At trial, appellant took the stand and denied either aiming or firing a gun at Deputy Buchanek.

Appellant brings forth one ground of error in which he challenges the sufficiency of the evidence to prove the intent of appellant in connection with the alleged offense.

The facts presented in this case are similar to those in *Bell v. State*, 501 S.W.2d 137 (Tex.Cr.App.1973), wherein the Court held that:

> "A specific intent to kill is an essential element of the offense of assault with intent to murder, but the trier of facts may infer the intent to kill from any facts in evidence which prove the existence of such intent. Intent to kill may be inferred from the use of a deadly weapon. A pistol is a deadly weapon per se. Moreover, proof of infliction of injury is not necessary to conviction for assault with intent to murder." (Citations deleted.)

In *Garcia v. State*, 541 S.W.2d 428 (Tex.Cr. App.1976) the Court applied the same rules of law to an offense of attempted murder.

In *Colman v. State*, 542 S.W.2d 144 (Tex. Cr.App.1976) the court was presented a fact situation similar to that presented in the case at bar. In *Colman*, the defendant, prior to his arrest, was being pursued by several police officers, at first in vehicles and finally on foot. Three officers each testified that the defendant "fired his pistol at him one or more times during the pursuit, but no one was hit by any bullet." The Court in *Colman*, held the evidence sufficient to sustain a conviction for attempted murder.

In *Windham v. State*, 638 S.W.2d 486 (Tex.Cr.App.1982), the court overruled *Colman* to the extent it conflicted with *Windham*. *Windham* turned on whether or not the State met its burden of proving attempted murder as alleged in the indictment wherein it was alleged that the defendant attempted to cause the death of an individual *by shooting* at her with a gun. The court held that in order to support an allegation of "shooting," there must be evidence "that the gun was actually fired."

The case at bar is not in conflict with *Windham*, supra, since unlike in *Windham*, here both Deputy Buchanek and Deputy Tait testified that they saw and heard appellant *fire* the gun at Deputy Buchanek.

Having reviewed the record, we find the evidence sufficient to establish the intent of appellant to commit the offense of attempted murder. The judgment of the trial court is AFFIRMED.