Alberto MORANO, Appellant,

v.

STATE of Texas, Appellee.

No. B14-82-748CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 23, 1983.

After stopping, he backed away quickly with his tires smoking and spinning. He then hit a curb which prevented his backing farther. Kelley ordered appellant to raise his hands, and he did. Kelley pointed his pistol at appellant. As Kelley moved from the passenger side of the vehicle to the center of the front bumper, appellant dropped his hands, hit the gear shift, and accelerated forward. As the car approached him, Kelley fired his revolver and leaped to his left. The vehicle continued its rapid acceleration. Kelley fired two more shots at the vehicle as it was weaving from curb to curb. The entire incident lasted approximately fifteen seconds. A few minutes later, Kelley spotted appellant at a red light and arrested him without incident.

The wrecker driver testified that he heard the tires squealing and thought the appellant was going to run over the officer. He saw the officer jump and thought he had been hit. Laura Ynfante, a fourteen year old girl, testified that she saw the incident, and it looked like appellant was heading his vehicle toward the officer. Officer Kelley testified the vehicle was heading toward him, and there. was no question in his mind that appellant was trying to hit him.

The appellant did not testify. The only defense testimony was given by Juan-Antonio Liva, a friend of the appellant. He testified that he saw the whole thing and it never appeared to him that appellant was trying to harm the policeman. Liva further testified that the policeman was on the sidewalk, fully twenty feet away from appellant's car, that he never had to jump away, and that Kelley shot at appellant for no apparent reason.

Appellant presents three grounds of error. In the first, he objects to the omission of a charge on the lesser included offense of aggravated assault. To determine whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record

Allen C. Isbell, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

Appellant appeals his conviction of attempted capital murder. The jury sentenced him to fifteen years and one day in the Texas Department of Corrections. We affirm the judgment of the trial court.

On June 11, 1982, James L. Kelley, a Houston police officer, stopped a pick-up truck on a street which had only one lane open to traffic. A wrecker, called to remove the truck, was blocking the street. A vehicle, driven by appellant, turned the corner erratically and headed for the congested area. Kelley ordered appellant to stop.

that if defendant is guilty, he is guilty only of the lesser offense. *Eldred v. State,* 578 S.W.2d 721 (Tex.Cr.App.1979). The record before us supports the first requirement. While proving attempted murder, the State proved aggravated assault. However, the second step of our analysis is not fulfilled. There is no evidence in the record that if appellant is guilty of anything, he is guilty only of aggravated assault. The sole testimony presented by the defense came from appellant's friend, Juan Liva. His testimony was that appellant committed no offense at all. If the jury had believed the State's evidence, the appellant committed attempted capital murder of a police officer. If the jury had believed the appellant's evidence, the appellant would have not been guilty. The lesser included offense is not raised and a charge on it is not required. *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr.App.1974); *Thomas v. State,* 578 S.W.2d 691 (Tex.Cr. App.1979); *Simpkins v. State,* 590 S.W.2d 129 (Tex.Cr.App.1979). Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends the trial court erred in not including an instruction in the jury charge on resisting arrest. The same two-step analysis, must be employed. Resisting arrest has been held to be a lesser included offense of aggravated assault. *Sutton v. State,* 548 S.W.2d 697 (Tex.Crim.App.1977). TEX.PENAL CODE ANN. § 38.03(a) (Vernon 1981). Aggravated assault is a lesser included offense of attempted murder. *Teal v. State,* 543 S.W.2d 371 (Tex.Cr.App. 1976). Therefore, resisting arrest is a lesser included offense of attempted murder. The same discussion given under the first ground of error applies. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends that the evidence is insufficient to prove beyond a reasonable doubt that appellant intended to kill Kelley. To prove attempted murder, it is sufficient to show that the accused had the intent to cause serious bodily injury and committed an act amounting to more than mere preparation that could have caused the death of the individual but failed to do so. *Garcia v. State,* 541 S.W.2d 428 (Tex.Cr.App.1976). In *Garcia,* the court held that the jury, as the trier of the facts, could infer the specific intent to kill from the use of a deadly weapon. An automobile has been held to be a deadly weapon. The intent to kill has been established to be the point at which the appellant started his car. *Hunter v. State,* 468 S.W.2d 96 (Tex.Cr.App.1971). Furthermore, if it is possible that death might have been inflicted by the weapon used, and if the accused intended to take life by the use made thereof, the offense is complete, even though the instrument was not a deadly weapon. *Ammann v. State,* 145 Tex.Cr.R. 34, 165 S.W.2d 744 (1942).

■ In determining the sufficiency of the evidence to sustain the jury's verdict, this court must consider the evidence in the light most favorable to the verdict. *Hall v. State,* 418 S.W.2d 810 (Tex.Cr.App.1967). The surrounding facts and circumstances presented were sufficient for the jury to infer that there was an attempted capital murder. Appellant's third ground of error is overruled.

We affirm the judgment of the trial court.

ROBERTSON, Justice, concurring.

While I agree the evidence did not raise the issue on the lesser included offense of aggravated assault, I file this concurring opinion only to point out that as a *matter of law* appellant could not be guilty of that offense and therefore was not entitled to the issue. The indictment alleged attempted capital murder of a peace officer. No issue was raised concerning appellant's knowledge of the officer's identity or status. For a person to be guilty of the offense of aggravated assault against a peace officer, "bodily injury" must be inflicted on the officer. TEX.PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp. 1982–1983). "Bodily injury" means physical pain, illness, or any impairment of physical condition. There was no evidence of "bodily injury" having been received by the complainant;

therefore the issue of aggravated assault was not raised as a matter of law.

I concur.