NUMBER 13-02-331-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

JESUS SANCHEZ, A/K/A
JESUS SANCHEZ BARRERA,                                                   Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 404th District Court of Cameron County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Garza
 
          By five issues, appellant, Jesus Sanchez Barrera, challenges his conviction for
murder. As this is a memorandum opinion, we will give only the basic reasons for our
decision and will not recite the facts of the case. See Tex. R. App. P. 47.4. We affirm
appellant’s conviction. 
 
1. Errors in the Jury Charge 
          Appellant’s first and second issues complain of errors in the jury charge used in this
case. 
A. Standard of Review 
          Article 36.19 prescribes the manner in which jury charge error is reviewed on
appeal. Tex. Crim. Proc. Code Ann. art. 36.19 (Vernon 1981); see Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985). First, an appellate court must determine whether
error exists in the jury charge. Hutch v. State, 922 S.W.2d 166, 170 (Tex. Crim. App.
1996); Morris v. State, 89 S.W.3d 146, 152 (Tex. App.–Corpus Christi 2002, no pet.). 
Second, the appellate court must determine whether sufficient harm was caused by the
error to require reversal. Hutch, 922 S.W.2d at 170; see also Arline v. State, 721 S.W.2d
348, 351 (Tex. Crim. App. 1986). The degree of harm necessary for reversal depends on
whether the error was preserved. Hutch, 922 S.W.2d at170; see also Arline, 721 S.W.2d
at 351. Error properly preserved by an objection to the charge will require reversal “as long
as the error is not harmless.” Almanza, 686 S.W.2d at 171. This means that any harm,
regardless of degree, is sufficient to require reversal. See Mann v. State, 964 S.W.2d 639,
641 (Tex. Crim. App. 1998); Arline, 721 S.W.2d at 351. However, when the charging error
is not preserved, a greater degree of harm is required. Hutch, 922 S.W.2d at 171. This
standard of harm is described as “egregious harm.” See Almanza, 686 S.W.2d at 171;
Ponce v. State, 89 S.W.3d 110, 118 (Tex. App.–Corpus Christi 2002, no pet.). Errors that
result in egregious harm are those that affect “the very basis of the case,” deprive the
defendant of a “valuable right,” or “vitally affect a defensive theory.” See Almanza, 686
S.W.2d at 172; Ponce, 89 S.W.3d at 118. When conducting a harm analysis, the
reviewing court may consider the following four factors: (1) the charge itself; (2) the state
of the evidence including contested issues and the weight of the probative evidence; (3)
arguments of counsel; and (4) any other relevant information revealed by the record of the
trial as a whole. Bailey v. State, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993).
  B. Analysis 
          In his first issue, appellant claims that the trial court erred in overruling his objections
to a concurrent cause charge requested by the State. The record shows that the jury was
given the following instruction:
You are instructed a person is criminally responsible if the result would not
have occurred but for his conduct, operating either alone or concurrently with
another cause, unless the concurrent cause was clearly sufficient to produce
the result and the conduct of the actor clearly insufficient.
 
At trial, appellant objected to this instruction on the ground that it allowed the jury to
consider transferred intent. The trial court overruled his objection. On appeal, appellant
argues that it was fundamental error for the trial court to present the jury with a concurrent
cause charge because the charge unconstitutionally shifted the burden of proof to
appellant.
          There is no error in the trial court’s instruction on concurrent causation. It tracks the
language of section 6.04(a) of the penal code. Tex. Penal Code Ann. § 6.04(a) (Vernon
2003). As the Texas Court of Criminal Appeals explained in Johnson v. State, 571 S.W.2d
170, 173 (Tex. Crim. App. 1978) and reaffirmed in Abdnor v. State, 871 S.W.2d 726, 731
(Tex. Crim. App. 1994), “It is clear that a charge must include an accurate statement of the
law.” We will not conclude that the Texas Penal Code’s statement of concurrent causation
is an inaccurate statement of the law. See Martinez v. State, 924 S.W.2d 693, 699 (Tex.
Crim. App. 1996) (“Following the law as set out by the Texas Legislature will not be
deemed error on the part of a trial judge.”). Appellant’s first issue is overruled. 
          In his second issue, appellant claims that his right to due process was violated
because the jury charge failed to apply the law of concurrent causation to the facts of the
case. Our review of the record shows that the charge given to the jury instructed the jurors
on the law of concurrent causation but failed to apply the law to the facts of the case. 
Appellant made no objections at trial. 
          A trial court is required to apply the law to the particular facts of a case. See
Williams v. State, 547 S.W.2d 18, 20 (Tex. Crim. App. 1977). Failure to apply the law of
a case to its facts does not amount to a federal constitutional error but is merely a technical
violation of a state-law rule. State v. Barrera, 982 S.W.2d 415, 417 (Tex. Crim. App. 1998). 
Charge errors not involving federal constitutional error that are not objected to are reviewed
for “egregious harm.” Escobar v. State, 28 S.W.3d 767, 780 (Tex. App.–Corpus Christi
2000, pet. ref’d). 
          Appellant cites Nugent v. State, 749 S.W.2d 595, 597-98 (Tex. App.–Corpus Christi
1988, no pet.) in support of his issue. Nugent is not controlling in this case. In Nugent, the
appellant properly preserved error by making a timely objection and tendering a suggested
application paragraph that the court refused. Id. at 597. Therefore, a showing of “any
harm” was sufficient to warrant reversal. See Almanza, 686 S.W.2d at 171. In this case,
appellant failed to object, and therefore, he must show “egregious harm.” See Hutch, 922
S.W.2d at 171; Escobar, 28 S.W.3d at 780. He has not done so. 
          We base our conclusion on the following factors: (1) the jury charge was not
otherwise erroneous—it authorized conviction only if the jury found all the elements of
murder beyond a reasonable doubt; (2) the evidence supporting a concurrent cause
instruction did not tend to show a concurrent cause sufficient to produce the victim’s
death—it indicated only that after the victim was shot by appellant, she did not receive
medical attention for approximately thirty minutes and that a question was raised as to the
quality of the medical attention she received; and (3) at trial, defense counsel did not argue
that the delay in receiving medical attention or the quality of the medical attention alone,
without the gunshot wounds, would have caused the victim’s death. See Bailey, 867
S.W.2d at 43. In sum, we conclude that the omission of an instruction applying the law of
concurrent causation did not inflict egregious harm on appellant. His second issue is
overruled.
2. Violation of Defendant’s Right to Confront Witnesses 
          In his third issue, appellant argues that the trial court erred in not allowing defense
counsel to impeach the State’s pathologist with a learned treatise. 
A. Standard of Review
          The right of cross-examination, while constitutionally secured, is not without limits. 
Virts v. State, 739 S.W.2d 25, 28 (Tex. Crim. App. 1987). The court retains wide latitude
to impose reasonable restrictions on examination of witnesses. Id.; Saenz v. State, 879
S.W.2d 301, 307 (Tex. App.–Corpus Christi 1994, no pet.). When appropriate cross-examination is limited, however, the constitutional right of confrontation is violated. Carroll
v. State, 916 S.W.2d 494, 497 (Tex. Crim App. 1996). To preserve error, appellant must
establish what general subject matter he desired to cross-examine the witness about and,
if challenged, show on the record why such should be admitted into evidence. Munoz v.
State, 763 S.W.2d 30, 32 (Tex. App.–Corpus Christi 1988, pet. ref’d). We review the trial
court’s ruling for an abuse of discretion. See Carroll, 916 S.W.2d at 498 (noting that “the
trial judge has the discretion to limit cross-examination”); Crenshaw v. State, 125 S.W.3d
651, 654-55 (Tex. App.–Houston [1st Dist.] 2003, no pet.) 
B. Analysis 
          On cross-examination of the State’s pathologist, defense counsel sought to
contradict her testimony by introducing into evidence an article taken from an Internet
medical journal used for continuing medical education. Defense counsel argued that the
electronic article was admissible as a periodical under rule 902(6). Tex. R. Evid. 902(6)
(deeming newspapers and periodicals to be self-authenticating). The trial court ruled that
the document was not a periodical but a treatise and that it was not admissible as an
exhibit. See Tex. R. Evid. 803(18) (creating a limiting exception to the hearsay rule for
learned treatises). However, the trial court allowed defense counsel to question the
pathologist regarding the article. In his third issue, appellant claims this ruling violated his
right to confront the pathologist. We disagree. 
          Under rule 803(18), a learned treatise cannot be received as an exhibit. See id. 
There was therefore no error in refusing to admit it. Appellant does not argue that the
article should have been received as a periodical. He argues that “counsel was
erroneously denied the opportunity to impeach the witness by calling to her attention and
then questioning her about several articles which completely contradicted the pathologist’s
opinion about the probability of death when the vena cava is cut.” Appellant, however, has
failed to show that he was not allowed to impeach the pathologist’s testimony with the
article. In fact, appellant has not established that the trial court limited his cross-examination of the witness in any way. To the contrary, the record shows that appellant
was allowed to question her on the article’s contents and that she gave her opinion as to
its medical assertions. The only error alleged by appellant is that the trial court should
have admitted the articles into evidence, but, as we have already noted, treatises cannot
be admitted as exhibits. See id. We overrule appellant’s third issue.
3. Sufficiency of the Evidence 
          Appellant’s fourth issue claims that the evidence is insufficient to support a
conviction for murder. 
A. Standard of Review –Legal Sufficiency 
          Evidentiary sufficiency is measured against the elements of the offense as defined
by the hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); see also Fuller v. State, 73 S.W.3d 250, 252 (Tex. Crim. App.
2002). Such a charge would accurately set out the law, would be authorized by the
indictment, and would not unnecessarily increase the State's burden of proof. Malik, 953
S.W.2d at 240. The standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). In
evaluating a legal sufficiency challenge, the evidence is examined in the light most
favorable to the verdict. Id.
B. Analysis – Legal Sufficiency 
          Appellant claims that the evidence is insufficient to establish that he killed the victim
intentionally and knowingly. We disagree. Three eyewitnesses testified that appellant fired
a gun at the victim. Specific intent to kill may be inferred from the use of a deadly weapon. 
Bell v. State, 501 S.W.2d 137, 138 (Tex. Crim. App. 1973); see Guerrero v. State, 655
S.W.2d 291, 292 (Tex. App.–Corpus Christi 1983, no pet.). Where, as here, a deadly
weapon is fired at close range and death results, the law presumes an intent to kill. 
Womble v. State, 618 S.W.2d 59, 64 (Tex. Crim. App. 1981); Childs v. State, 21 S.W.3d
631, 635 (Tex. App.–Houston [14th Dist.] 2000, pet. ref’d). In the light most favorable to the
verdict, the State’s evidence establishes that appellant killed the victim intentionally and
knowingly. His legal sufficiency challenge is overruled. 
C. Standard of Review - Factual Sufficiency 
          In a factual sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this
neutral light, we determine whether “the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000). A clearly wrong and unjust verdict occurs where the jury’s finding
“shocks the conscience,” or “clearly demonstrates bias.” Santellan v. State, 939 S.W.2d
155, 164-65 (Tex. Crim. App. 1997). We are authorized to disagree with the fact finder’s
verdict even if probative evidence exists that supports the verdict. Id. at 164; see also
Johnson, 23 S.W.3d at 7.
D. Analysis – Factual Sufficiency 
          Viewed in a neutral light, the proof of guilt is not so obviously weak as to undermine
confidence in the jury’s determination. Furthermore, the proof contrary to the State’s
evidence, which consisted mainly of appellant’s testimony to the effect that he was not
upset with the victim on the night of the shooting, does not greatly outweigh the proof of
guilt. Appellant’s factual sufficiency challenge is overruled. 
4. Motion for Continuance 
          In his fifth issue, appellant argues that the trial court abused its discretion by
granting the State’s oral motion for continuance after the trial had commenced because the
motion was not made as a verified pleading.
A. Standard of Review 
          A trial court’s ruling on a motion for continuance is reviewed for an abuse of
discretion. See Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996).
B. Analysis 
          A trial court has equitable power to grant an oral motion for continuance. See Darty
v. State, 193 S.W.2d 195, 195 (Tex. Crim. App. 1946); Munoz v. State, 24 S.W.3d 427,
431 (Tex. App.–Corpus Christi 2000, no pet.). Although appellant argues that the trial
court’s decision was an abuse of discretion, he fails to address the trial court’s equitable
power to grant an oral motion. See Munoz, 24 S.W.3d at 431 (noting that “‘a motion for
continuance, based on equitable grounds rather than statutory grounds, is entirely within
the sound discretion of the court, and will only call for reversal if it is shown that the court
clearly abused its discretion’”) (citing Alvarado v. State, 818 S.W.2d 100, 103 (Tex.
App.–San Antonio 1991, no writ). Appellant is not entitled to relief because he has not
established that the trial court abused its equitable power. 
5. Conclusion
          After consideration of appellant’s five issues and the arguments and authorities
presented in support of each, we affirm his conviction for murder.
 


 
 
 
                                                                         DORI CONTRERAS GARZA
                                                                                      Justice

Do not publish. 
Tex. R. App. P. 47.2(b).
Opinion delivered and filed 
this the 29th day of April, 2004.