

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1675-10

**ABRAHAM CAVAZOS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

**KELLER, P.J., filed a concurring opinion.**

The court of appeals made two alternate holdings: (1) that manslaughter is not a lesser-included offense of the theory of murder for which appellant was tried and (2) that, even if it were a lesser-included offense, there was no evidence from which a jury could rationally find that appellant was guilty only of manslaughter. The Court renders what is essentially an advisory opinion with respect to the first holding because it affirms the court of appeals on the second holding. I think that we should not address a contentious legal issue that is unnecessary to the disposition of the case. But since the Court does address the first issue, I must register my disagreement with its resolution of that question. I believe that manslaughter is not in fact a lesser-included offense of the theory of

murder charged in this case.

Under Article 37.09, an offense is lesser-included if, among other things: "(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged . . . [or] (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission."[1]

Appellant was charged with murder under § 19.02(b)(2), which provides: "A person commits an offense if he . . . intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual."[2] The court of appeals held that this theory of murder does not require proof of a culpable mental state for causing death.[3] But the court of appeals held that manslaughter *does* require proof of a culpable mental state for causing death (recklessness).[4] According to the court of appeals, this additional fact that is required to prove manslaughter means that manslaughter is not a lesser-included offense of § 19.02(b)(2) murder.[5] The court of appeals reasoned that this additional fact necessary to prove manslaughter means that manslaughter is not included within the facts needed to prove the charged offense nor does it differ

---

[1] TEX. CODE CRIM. PROC. art. 37.09(1), (3).

[2] TEX. PENAL CODE § 19.02(b). All references to a statute are to the current version unless otherwise noted.

[3] *Cavazos v. State*, 329 S.W.3d 838, 845 (Tex. App.–El Paso 2010) ("Indeed, neither the statute nor the indictment requires a culpable mens rea for committing an act clearly dangerous to human life. *See* Tex. Penal Code Ann. § 19.02(b)(2). Therefore, much like felony murder, the murder charged in this case does not require a culpable mental state for causing another's death.").

[4] *Id.*

[5] *Id.*

from the charged offense only in requiring a lesser culpable mental state.[6]

The Court says that a culpable mental state for causing death was required under the current indictment because the indictment alleges that appellant used a deadly weapon and that "the specific intent to kill may be inferred from the use of a deadly weapon."[7] The cases upon which the Court relies are sufficiency-of-the-evidence cases.[8] Evidence is sufficient to show intent if a deadly weapon was used, but that is not the same as saying that the use of a deadly weapon necessarily establishes intent. While the fact-finder is permitted to find intent from the use of a deadly weapon, it is not required to do so. This sort of permissible inference is different from the situation in which a finding of one fact is tantamount to finding a second fact. For example, we have held that a finding of serious bodily injury is necessarily a finding that a deadly weapon was used because part of the definition of deadly weapon entails being capable of causing serious bodily injury.[9] But it is certainly possible for a person to use a deadly weapon without intending to kill, even when that use is a "shooting." A shooter may intend to incapacitate but not kill an individual. Or a shooting could be accidental. The indictment allegation of shooting with a firearm [a deadly weapon] is simply not an allegation that appellant intended to kill.

---

[6] *Id.*

[7] Court's op. at 11.

[8] *See Godsey v. State*, 719 S.W.2d 578, 580-81 (Tex. Crim. App. 1986) (proposition that "[t]he specific intent to kill may be inferred from the use of a deadly weapon" recited in connection with a challenge to the sufficiency of the evidence to show intent); *Flanagan v. State*, 675 S.W.2d 734, 744 (Tex. Crim. App. 1984) (same); *Bell v. State*, 501 S.W.2d 137, 138 (Tex. Crim. App. 1973) ("Intent to kill may be inferred from the use of a deadly weapon" recited in connection with sufficiency-of-the-evidence challenge).

[9] *Blount v. State*, 257 S.W.3d 712, 714 (Tex. Crim. App. 2008).

And the Court's reasoning would convert virtually any allegation of a deadly weapon in an indictment into an allegation that the defendant intended to kill. So an indictment charging manslaughter with a firearm would, under the Court's reasoning, also charge murder. That simply cannot be correct.

Next, the Court says that, "because the definition of recklessness is disregarding a risk that circumstances exist or the result will occur, the reckless *mens rea* for manslaughter applies either to the nature of the conduct or the result of the conduct."[10] The Court is mistaken. The "reckless" culpable mental state in manslaughter attaches only to the result of the defendant's conduct; it does not attach to the nature of the defendant's conduct.[11] The Penal Code definition of recklessness does not even include a reference to "nature of conduct," but talks only about the "result of conduct" or "the circumstances surrounding the conduct."[12] At any rate, we have held it to be error in a prosecution for a "result of conduct" offense when the jury instructions fail to limit the definition of the relevant culpable mental states to the result of the defendant's conduct.[13]

I take the Court to mean, however, that we should evaluate the culpable mental states of intent, knowledge, recklessness, and criminal negligence in isolation from the objects of those

---

[10] Court's op. at 12.

[11] *Schroeder v. State*, 123 S.W.3d 398, 399 (Tex. Crim. App. 2003) ("We hold that because the culpable mental states for both murder (intent) and manslaughter (recklessness) relate to the result of the conduct—the causing of the death—evidence that a defendant does not remember engaging in that conduct does not raise the lesser-included offense."); *Ervin v. State*, 991 S.W.2d 804, 816 ("Finally, manslaughter and intoxication manslaughter have a common focus: the death of an individual. Both crimes are result of conduct crimes with death being the result.").

[12] *See* TEX. PENAL CODE § 6.03(c).

[13] *Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994).

culpable mental states in determining whether an offense is lesser-included. In other words, I think the Court means that we should not consider the culpable mental state at issue to be "intent to kill" or "intent to commit serious bodily injury," but rather, the culpable mental state is simply "intent."

I agree that the culpable mental states contemplated under Article 37.09(3) appear to be the bare terms "intent," "knowledge," "recklessness," and "criminal negligence," which would be consistent the Penal Code listing those as culpable mental states and defining them.[14] But the objects of those culpable mental states do not simply disappear for purposes of analyzing the elements of offenses. The State's task is more difficult if it must prove that the defendant contemplated causing "death" than if it need only prove that the defendant contemplated causing "serious bodily injury."[15] So, while the culpable mental state of "intent" found in § 19.02(b)(2) is greater than the culpable mental state of "recklessness" found in the offense of manslaughter, the contemplated injury that must be proven in a § 19.02(b)(2) murder prosecution (serious bodily injury) is less than the contemplated injury that must be proven in a manslaughter prosecution (death). So, manslaughter does not differ from § 19.02(b)(2) murder solely on the basis of a lesser culpable mental state because manslaughter also differs by requiring proof of a greater contemplated injury.[16] Consequently, manslaughter is not a lesser-included offense of § 19.02(b)(2) murder.

---

[14] *See* TEX. PENAL CODE § 6.02(d) ("Culpable mental states are classified according to relative degrees, from highest to lowest, as follows: (1) intentional, (2) knowing, (3) reckless, (4) criminal negligence."). *See also id.*, § 6.03 (providing definitions of the culpable mental states).

[15] Death is a form of serious bodily injury, but the term "serious bodily injury" also embraces other, lesser injuries. *See* TEX. PENAL CODE § 1.07(46).

[16] I would agree that an offense should be considered lesser-included if the only differences from the charged offense involve a lesser culpable mental state and a lesser contemplated injury. *See* art. 37.09(1), (2), (3).

I respectfully concur in the Court's judgment.

Filed: October 31, 2012
Publish