Opinion Issued December 4, 2003











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00743-CR




FREDDY CRENSHAW, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 886458




O P I N I O N



Introduction
          Appellant, Freddy Crenshaw, was charged with capital murder. A jury found
appellant guilty, and the trial court sentenced him to life in prison. In six points of
error, appellant contends that (1) the trial court erred in limiting his cross-examination
of Orlando Castaneda (Orlando) and Vanessa Reyes (Vanessa ) (points 1 and 2), (2)
the trial court erred in excluding testimony from Audra Berlanga about an alleged
robbery committed by Orlando and Vanessa (points 3 and 4), and (3) the trial court
erred in refusing to allow appellant to cross-examine Orlando and to elicit testimony
from Audra Berlanga about the robbery allegedly committed by Orlando and Vanessa
(points 5 and 6). We affirm.
Factual Background
          On August 18, 2001, Orlando and his wife, Vanessa, went to appellant’s home
to eat dinner and drink beer. Around midnight, appellant asked Orlando to drive him
to a friend’s home to pick up some money. Orlando agreed, and drove appellant and
two other individuals, Chris and Isaac, to a nearby apartment complex.
           Orlando parked, and everyone except Orlando exited the vehicle. 
Approximately five minutes later, appellant and the other two individuals returned to
the car. Orlando noticed that appellant was carrying a bloody cane when he reentered
the vehicle, and that both appellant and Isaac had blood on them. Appellant informed
Orlando that he had just robbed someone. After being informed of the robbery,
Orlando initially refused to drive appellant home; but after appellant informed him
that he would suffer certain “consequences” if he refused to comply, Orlando
relented. Orlando testified that he was unaware that appellant intended to commit a
robbery and had no involvement in the planning of the robbery; he thought that he
was giving appellant a ride to a friend’s home to pick up some money.
          After returning to appellant’s home, appellant told all present about the crime. 
He informed everyone that he had hit the victim in the face, knocked him to the
ground, and beat him with the cane, intending to either kill him or render him
unconscious so that the victim would be unable to identify him.
          Appellant’s victim died as a result of multiple blunt trauma injuries, which
included several skull fractures, rib fractures, and an arm fracture.
          At trial, Vanessa testified that appellant, Orlando, Chris, and Isaac left
appellant’s home, and that Orlando informed her that he intended to give appellant
a ride. When they returned to appellant’s home, she saw that there was blood on the
clothes being worn by appellant, Chris, and Isaac, that appellant had a bloody metal
cane in his hand, and that he demonstrated for all present how he hit his deceased
victim with the cane.
Cross-Examination of Orlando and Vanessa, and Testimony of Audra Berlanga

          In his first two points of error, appellant contends that the trial court deprived
him of his right to confrontation of witnesses when it refused to allow him to cross-examine Orlando and Vanessa about their alleged involvement in an unadjudicated
robbery that appellant contends occurred seven days prior to the commission of the
offense giving rise to appellant’s conviction. He contends on appeal that the trial
court erred in excluding this testimony because the evidence regarding the alleged
unadjudicated robbery demonstrated a potential motive for both Orlando and Vanessa
to testify against him.
          In his third and fourth points of error, appellant contends that the trial court
erred in refusing to allow Audra Berlanga to testify about Orlando’s and Vanessa’s
alleged commission of the extraneous robbery. He argues the testimony would have
shown that Orlando and Vanessa were potentially biased against appellant, and that
the trial court denied him the right to present a meaningful defense by excluding
Audra’s testimony.
Standard of Review
          We review the trial court’s decision to exclude evidence under an abuse of
discretion standard, and will not reverse its ruling unless it falls outside the zone of
reasonable disagreement. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App.
2001); Wolfberg v. State, 73 S.W.3d 441, 443 (Tex. App.—Houston [1st Dist.] 2002,
pet. ref’d).
Exclusion of Testimony
          The constitutional right of confrontation is violated when appropriate
cross-examination is limited. Carroll v. State, 916 S.W.2d 494, 497 (Tex. Crim. App.
1996). The general rule is that specific instances of misconduct are inadmissible for
the purpose of attacking a witness’ general character for truthfulness. Tex. R. Evid. 
608(b). Specific instances of misconduct are, however, admissible to demonstrate
that a witness is biased or has an interest in the outcome of the case. Tex. R. Evid. 
613(b); Dixon v. State, 2 S.W.3d 263, 271 (Tex. Crim. App. 1999). While great
latitude should be allowed in cross-examining witnesses to reveal possible bias,
prejudice, or self-interested motives to falsify testimony, appellant bears the burden
of demonstrating the relevance of the proffered evidence to the issue of bias or
prejudice. Chambers v. State, 866 S.W.2d 9, 26-27 (Tex. Crim. App. 1993). 
Evidence is relevant if it has “any tendency to make the existence of any fact that is
of consequence to the determination of the action more probable or less probable than
it would be without the evidence.” Tex. R. Evid. 401. In order to demonstrate that
the proffered testimony is relevant to the issue of bias or prejudice, appellant must
establish a specific connection between the witness’ testimony and an actual bias or
interest. Willingham v. State, 897 S.W.2d 351, 358 (Tex. Crim. App. 1995); See also
Ellis v. State, 99 S.W.3d. 783, 789 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d)
(proffered testimony not relevant to determine fact at issue).
          Appellant has failed to show the relevance of the excluded testimony to the
merits of the case and to the issue of bias. He provides no specific authority
supporting the proposition that the proffered testimony was relevant, but only recites
general principles of constitutional law and the law of evidence. Appellant’s naked
allegations suggesting that Orlando and Vanessa were involved in a robbery or
attempted robbery seven days prior to the date of the offense do not fairly tend to
raise an inference that Orlando and Vanessa had a motive to testify falsely for the
State concerning this offense. See Ellis, 99 S.W.3d at 789; Massey v. State, 826
S.W.2d 655, 658 (Tex. App.—Waco 1992, no pet.).
          In an attempt to show the relevance of the excluded testimony to the merits of
the case and to the issue of bias, defense counsel examined Officer Leroy Benavidez,
one of the Houston Police Department officers assigned to investigate the murder of
the deceased victim, on bill of exception outside of the jury’s presence. Officer
Benavidez was questioned concerning whether he had investigated the background
of Orlando and Vanessa. Defense counsel demonstrated that Officer Benavidez was
aware that Orlando was charged in August of 1999 with aggravated robbery, but that
complaint was dismissed in October of 1999. Benavidez testified that he had no
information leading him to believe that Orlando and Vanessa were involved in the
alleged robbery that appellant contends took place one week prior to the commission
of the instant offense. Benavidez speculated that, although he was unaware of
Orlando and Vanessa’s purported involvement in the alleged robbery, his partner at
the time, Investigator Sosa, may have been aware of the purported incident. Defense
counsel did not, however, call Investigator Sosa to further develop the issue.
          Because there was no evidence supporting appellant’s contention that Orlando
and Vanessa were suspected of committing the alleged extraneous offense, their
testimony was irrelevant on the issue of whether they lied to curry favor with the
State. Willingham, 897 S.W.2d at 358. We therefore hold that the trial court did not
abuse its discretion in refusing to allow appellant to cross-examine Orlando and
Vanessa regarding their purported involvement in the alleged robbery. We also hold
that the trial court did not abuse its discretion in refusing to allow Audra Berlanga to
testify regarding Orlando’s and Vanessa’s purported involvement in the alleged
extraneous offense to show a potential interest or motive for testifying against
appellant.
          Appellant also contends that the trial court’s refusal to allow the testimony of
Audra Berlanga deprived him of his right to present a meaningful defense. 
Specifically, he contends that “if the jury had the benefit of [Berlanga’s] testimony,
that she witnessed Vanessa Reyes and Orlando Castenda commit a similar robbery
only a week before, the jury likely would have considered both as accomplice
witnesses as a matter of fact in the instant case.” In other words, if Orlando and
Vanessa had committed the alleged earlier robbery, the jury would assume that they
were also involved in the robbery committed by appellant. We reject that argument. 
Extraneous offense evidence is not relevant to show character conformity. Wolfberg,
73 S.W.3d at 443. The trial court did not abuse its discretion in refusing to permit
Audra Berlanga’s testimony.
          We overrule appellant’s first four points of error.
False Impression Created During Cross-Examination of Orlando
          In his fifth and sixth points of error, appellant contends that the trial court
violated his right to effective cross-examination when it refused to allow him to
cross-examine Orlando and when it refused to allow Audra Berlanga to testify about
the alleged extraneous robbery, because the testimony was admissible to correct a
false impression arising from Orlando’s testimony.
          Appellant contends that the following testimony, which occurred during
defense counsel’s cross-examination of Orlando, created a false impression with the
jury that Orlando was a law-abiding citizen:
[Defense Counsel]:          And you said before, you didn’t take any money, other than
the 20, right?
 
[Orlando]:                        Correct.
 
[Defense Counsel]:          And as you said before, you didn’t see how it got divided,
but you know, don’t you, Orlando, that if you had taken
more than 20, if you’d taken your cut out of that money,
that sure wouldn’t look good when you talked to the
police?
 
[Orlando]:                        Because I did not know - in the first place, I would not
want a cut. If they just committed a crime, I would not
want nothing to do with it.
 
[Defense Counsel]:          Are you telling me that if someone committed a robbery,
you would not want any of the money from it?
 
[Orlando]:                        Correct.
 
[Defense Counsel]:          You wouldn’t do that sort of thing, would you?
 
[Orlando]:                        Correct.
 
[Defense Counsel]:          You would never commit a robbery, would you?
 
[Orlando]:                        Correct.
 
[Defense Counsel]:          And you haven’t committed a robbery, have you?
 
[Orlando]:                        Correct.
 
[Defense Counsel]:          May I approach the bench.
 
[The Court]:                     Yes.

(At the Bench, on the record.)
 [Defense Counsel]:          Judge, I think it goes to his motive to lie and his credibility. 
It’s like opening a door.
 
[The Court]:                     You asked those questions. You cannot open your own
door.
 
[Defense Counsel]:          He can’t get up there and lie like that.
 
[The Court]:                     I don’t understand why the State didn’t object because
they’re not proper questions. The State should have
objected, but you cannot open your own door like that. 
You cannot. 

Appellant contends that Orlando volunteered a response that made him appear to the
jury to be a law-abiding citizen; therefore, he opened the door to the admission of
evidence regarding the admission of the extraneous robbery.
          As a general rule, prior conduct of a witness for the purpose of attacking or
supporting the witness’ credibility may not be inquired into on cross-examination of
the witness or proved by extrinsic evidence. Tex. R. Evid. 608(b). If, while
testifying, a witness creates a false impression of law abiding behavior, she “opens
the door” on her otherwise irrelevant past criminal history, and opposing counsel may
expose the falsehood. Delk v. State, 855 S.W.2d 700, 704 (Tex. Crim. App. 1993). 
This exception to the general rule of inadmissibility does not, however, apply to
permit opposing counsel to rely on his own interrogation during cross-examination
to contradict the witness and then admit evidence of collateral matters which would
otherwise be inadmissible. See Shipman v. State, 604 S.W.2d 182, 184-85 (Tex.
Crim. App. 1980).
          In the instant case, Orlando’s response was induced by the leading question
propounded by defense counsel during cross-examination. Defense counsel’s
question suggested that Orlando’s motivation was “to look good” when he talked to
the police, and his answer was in response to that question. Because the exception
to the general rule of inadmissibility does not apply to permit opposing counsel to
rely on his own interrogation during cross-examination to contradict the witness and
then admit evidence of collateral matters which would otherwise be inadmissible, we
hold that the trial court was correct in refusing to allow the admission of evidence
regarding the alleged extraneous robbery.
          We overrule appellant’s fifth and sixth points of error.
Conclusion
          The judgment of the trial court is affirmed.
 
                                                             Adele Hedges
                                                             Justice

Panel consists of Justices Hedges, Nuchia, and Higley.
Publish. Tex. R. App. P. 47.4.