Affirmed and Memorandum Opinion filed November 29, 2007








Affirmed and Memorandum Opinion filed November 29, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00997-CR

____________

 

ROBERT STEVEN McCLENDON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 1040756

 



 

M E M O R A N D U M   O P I N I O N

Appellant,
Robert McClendon, was convicted of aggravated assault by a jury and sentenced
to five years in prison.  Appellant=s prison sentence was probated for
five years.  In two points of error, appellant contends that the trial court
improperly (1) denied his right to confrontation and cross-examination when it
did not allow him to cross-examine witnesses regarding their motive, and (2)
allowed the State to make a comment on appellant=s post-arrest silence.  We affirm.








I. 
BACKGROUND

Complainant,
Paula Trent, her mother, Christine Trent, and her sister lived with appellant
for over thirteen years.  Appellant and complainant had a father-daughter
relationship.  On September 15, 2005, appellant, Christine, and complainant went
on Achurch runs@ together to pick up food from
grocery stores and to deliver it to their church.  Appellant=s account of events drastically
differ from those of complainant and Christine.  

At
trial, complainant and Christine testified that appellant became upset with
Christine on the day in question because Christine was running late.  When the
three returned home after the church runs, appellant took soma, vicodin, and
hydrocodone and drank three glasses of vodka and V-8.[1] 
According to complainant and Christine, appellant was noticeably intoxicated. 
Appellant then told complainant that he wanted her to leave their house. 
Complainant testified that when she attempted to leave with her personal
belongings, appellant choked her. Appellant then retrieved a shotgun, pointed
it at complainant, and threatened to kill her.  When complainant attempted to
leave the house again, appellant retrieved another gun, a pistol, pointed it at
her and said he was going to Ablow [Christine] up into pieces in front of [her].@  Appellant also told complainant
that if she tried to run away, Ahe would kill [her] before [she could] get down to the end of
the driveway@ and would kill the complainant=s sister, the dog, and himself.  

Shortly
thereafter, complainant, Christine, and appellant attempted to talk.  Appellant
threatened to assault complainant again with an ashtray he was holding. 
Complainant ran in fear, but appellant stopped her. Complainant was eventually
able to leave the house and call the police.








Appellant
testified that on the day in question he never pointed a gun at complainant or
her mother and never threatened to kill either one of them.  According to
appellant, he went to sleep after the church runs and was awakened by a
maintenance man who told him the police were on their way. 

Appellant
was found guilty by a jury of aggravated assault.[2] 
The jury sentenced him to five years in prison and recommended community
supervision.  Appellant=s prison sentence was probated for five years.  In two points
of error, appellant contends that the trial court improperly (1) denied his
right to confrontation and cross-examination when it did not allow him to
cross-examine witnesses regarding their motive, and (2) allowed the State to
make a comment on appellant=s post-arrest silence. 

II.  RIGHT
TO CONFRONT AND CROSS-EXAMINE WITNESSES

In his
first point of error, appellant contends that the trial court deprived him of
his right to confront and cross-examine two of the State=s witnesses in violation of the
United States and Texas constitutions.  At trial, appellant attempted to
examine complainant and Christine Trent regarding their return to the mobile
home and their retrieval of appellant=s personal belongings while he was
jailed for the instant offense.  According to appellant, this information would
have shown that the witnesses had a motive to lie. 

Standard
of Review 








We
review the trial court=s decision to exclude evidence under an abuse of discretion
standard.  Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). 
A trial court must be given wide latitude in its decision to exclude evidence. 
Theus v. State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992).  As long as
the trial court=s evidentiary ruling was within the zone of reasonable
disagreement, we will not disturb it.  Burden, 55 S.W.3d at 615;
Crenshaw v. State, 125 S.W.3d 651, 653 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d). 

Exclusion
of Testimony

The
constitutional right of confrontation is violated when appropriate
cross-examination is limited.  Carroll v. State, 916 S.W.2d 494, 497
(Tex. Crim. App. 1996).  Appropriate cross-examination includes all avenues
reasonably calculated to expose a motive, bias, or interest for the witness to
testify.  Id.  (citing Lewis v. State, 815 S.W.2d 560, 565 (Tex.
Crim. App. 1991)).  

While
great latitude should be allowed in cross-examining witnesses to reveal
possible bias, prejudice, or self-interested motives to falsify testimony, the
defendant bears the burden of demonstrating the relevance of the proffered
evidence to the issue of bias or motive.  See Chambers v. State, 866
S.W.2d 9, 26-27 (Tex. Crim. App. 1993).  Evidence is relevant if it has any
tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.  Tex. R. Evid.
401.  In order to demonstrate that the proffered testimony is relevant to the
issue of bias or prejudice, the defendant must establish a specific connection
between the witness=s testimony and an actual motive or interest.  See
Willingham v. State, 897 S.W.2d 351, 358 (Tex. Crim. App. 1995); Moreno
v. State, 944 S.W.2d 685, 692 (Tex. App.CHouston [14th Dist.] 1997, pet.
granted) ( holding the State failed to show a specific connection between the
witness=s testimony and the actual bias or
motive); see also Ellis v. State, 99 S.W.3d 783, 789 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d).








             Here,
appellant has failed to show the relevance of the excluded testimony to the
merits of the case or to the issue of motive to give false testimony. 
Appellant provides no specific authority supporting the proposition that the
proffered testimony was relevant, but only recites general principles of
constitutional law and the law of evidence.  Appellant=s naked allegations suggesting that
complainant and Christine lied about the assault because they took his personal
belongings from the house while he was jailed does not fairly tend to raise an
inference that complainant and Christine had motive to testify falsely.  See
Moreno, 944 S.W2d at 692-93; Ellis, 99 S.W.3d at 789.  

We
therefore hold that the trial court did not abuse its discretion in refusing to
allow appellant to cross-examine complainant and Christine regarding the
removal of appellant=s belongings.  We overrule appellant=s first point of error.

III. 
POST-ARREST SILENCE

In
appellant=s second point of error, he argues that the trial court erred in allowing
the prosecutor to comment on his post-arrest silence during closing argument.
Appellant complains that the State informed the jury that appellant did not
testify at a protective order hearing regarding the instant offense, which was
after his arrest but before trial.  The State, however, argues that its comment
was a direct response to appellant=s closing argument.  

Defense
counsel argued in her closing that the State was unable to point to any
inconsistencies in appellant=s testimony; whereas, defense counsel showed inconsistencies
in complainant=s and Christine=s testimony.  The State then pointed out that it was unable
to show inconsistencies in appellant=s testimony because the trial was the
first time he told his story, unlike complainant and Christine who testified at
the protective order hearing.  Appellant contends that because this argument
was an attempt to use his constitutional right to remain silent to his
detriment, it was improper.  








Proper
jury argument must fall within one of four areas: (1) summation of the
evidence; (2) reasonable deduction from the evidence; (3) answer to opposing
counsel=s arguments; or (4) a plea for law
enforcement.  Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App.
2000); Hernandez, 171 S.W.3d at 357.  The prosecution may argue
outside the record in responding to the defense=s having done so, but it may not
stray beyond the scope of the invitation.  Hernandez, 171 S.W.3d
at 357.  Even when an argument exceeds the permissible bounds of these areas,
the error is not reversible unless, in light of the record as a whole, the
argument is extreme or manifestly improper, violative of a mandatory statute,
or injects new facts harmful to the defendant into the trial proceeding.  Wesbrook,
29 S.W.3d at 115.  The prosecutor=s remarks must have been a willful
and calculated effort to deprive the defendant of a fair and impartial trial.  Id.

We find
that the State=s argumentB  that it failed to show inconsistencies in appellant=s testimony because he did not
testify at the protective order hearingB was an answer to defense counsel=s argument.  During her closing,
defense counsel asserted that while appellant was able to impeach complainant=s and Christine=s testimony using their previous
testimony from the protective order hearing, the State was unable to impeach
appellant=s testimony.  The State reasonably responded to appellant=s argument.  As a result, we cannot
conclude the State=s response to this argument was improper.  

Additionally,
on redirect, appellant testified that he had not testified at the protective
order hearing.  By telling the jury himself that he did not testify at the
protective order hearing, appellant opened the door on this issue.  See
Cagle v. State, 23 S.W.3d 590, 592-93 (Tex. App.CFort Worth 2000, pet. ref=d) (stating criminal defendants may
not testify and then use the Fifth Amendment privilege against
self-incrimination on the issues that they have put in dispute); see also
Szmalec v. State, 927 S.W.2d 213, 217-18 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d). Here, the State merely summarized
the evidence.  We overrule appellant=s second point of error.








We affirm the trial court=s judgment. 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 29, 2007.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).     









[1]  Appellant testified that he had one shot of vodka
and had taken only one hydrocodone for his back pain.





[2]  A person commits aggravated assault when he commits
an assault as defined in section 22.01and he (1) causes serious bodily injury
to another, or (2) uses or exhibits a deadly weapon during the commission of
the assault.  Tex. Penal Code Ann.
' 22.02 (Vernon 2003).  A person commits assault under
section 22.01 when he (1) intentionally, knowingly, or recklessly causes bodily
injury to another; (2) intentionally or knowingly threatens another with
imminent bodily injury; or (3) intentionally causes physical contact with
another when the person knows or should reasonably believe that the other will
regard the contact as offensive or provocative.  Tex. Penal Code Ann. '
22.01.