NUMBERS 13-08-030-CR, 13-08-031-CR,


13-08-032-CR, 13-08-033-CR, 13-08-034-CR, 

13-08-035-CR, 13-08-036-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSE QUIROZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court 

of Nueces County, Texas

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela


 


 Appellant, Jose Quiroz, pleaded guilty, without a plea bargain agreement, (1) to
possession of a controlled substance listed in penalty group 1 in an amount of more than
one gram but less than four grams (cause no. 13-08-030-CR), (2) possession with intent to
deliver a controlled substance in penalty group 1 in an amount less than one gram (cause
nos. 13-08-031-CR & 13-08-032-CR), (3) and possession with intent to deliver a controlled
substance in penalty group 1 in an amount of more than one gram but less than or equal
to four grams (cause nos. 13-08-033-CR through 13-08-036-CR). (4) Following a 
punishment hearing, the trial court sentenced Quiroz to ten years' imprisonment in cause
no. 13-08-030-CR, two years in a state jail facility for each offense in cause nos. 13-08-031-CR & 13-08-032-CR, and twenty years' imprisonment for each offense in cause nos.
13-08-033-CR through 13-08-036-CR. All sentences were to run concurrently. By a single
issue, Quiroz contends the trial court abused its discretion by overruling his counsel's
objection to the argumentative nature of the prosecutor's questions, thereby denying him
a fair hearing. We affirm.

I. Punishment Hearing


 Quiroz, who was fifty years old at the time of the punishment hearing, denied having
a drug problem but testified "I don't do that much, but I just do a little bit." He stated that
he supported his drug habit by selling drugs, and testified that the police found $562 in his
house. Quiroz asked the trial court to put him on probation and to refer him to drug
treatment. He understood that if the trial court considered probation, one of the conditions
would be for him to complete a drug-treatment program. He explained that he wanted a
chance to show the trial court that he could succeed on probation.

 On cross-examination, Quiroz testified he had worked at a Shell station for about
five years. He started selling drugs in that Shell station about three or four months before
he started selling drugs to undercover police. When the prosecutor questioned Quiroz
about the amount of money the police found in Quiroz's house, the following exchange
occurred:

 Q. And you tell this Judge that they didn't find over $3500 worth of
money in your house?


 A. They find only $562.


 Q. Oh, you wanna read this, sir?


 A. I know. I know.


 Q. You wanna read what this says?


 A. They--he even put the-


 Q. So he's lying. Is that what you're telling this Judge?


 A. No. I don't say that. But I have only $562 in my pocket.


 Q. Can you read, sir?


 A. Yes.


 Q. Read this out loud, please.


 A. Yeah, but they didn't-


 Q. Sir, read this loud, please.


 A. I don't got my glasses.


 Q. Can you read it? You want me to read it to you?


 A. Yes.


 Q. Okay. "Quiroz had $5 on his person and $3562 cash hidden in a VHS
movie container."


 A. I never hid 20--I never hid--he put $3,000 more. I never hid-


 Q. Oh, so he took it out of his pocket and he put it there. Is that what
you're telling the Judge?


 A. I don't . . .


 Q. What about the scales, sir?


 A. The scale? I had the scale.

 At this point, defense counsel objected that the prosecutor was "argumentative." 
The trial court did not rule on the objection, and the prosecutor's questioning continued as
follows: "So you're saying the officer's lying. Is that what you're telling this Judge?" Before
Quiroz answered the question, defense counsel asked the trial court for a ruling on his
objection. The trial court overruled the objection.

II. Discussion


 In his sole issue, Quiroz contends the trial court abused its discretion by overruling
defense counsel's objection to the argumentative nature of the prosecutor's questions,
thereby denying him a fair hearing.

 The scope of cross-examination is within the discretion of the trial judge. See
Carroll v. State, 916 S.W.2d 494, 498 (Tex. Crim. App. 1996) (noting that "the trial judge
has the discretion to limit cross-examination"); Crenshaw v. State, 125 S.W.3d 651, 654-55
(Tex. App.-Houston [1st Dist.] 2003, pet. ref'd). An abuse of discretion occurs "when the
trial judge's decision was so clearly wrong as to lie outside that zone within which
reasonable persons might disagree." Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim.
App. 1992); see Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op.
on reh'g).

 A defendant who exercises his or her right to testify is subject to the same rules
governing examination and cross-examination as any other witness, whether he or she
testifies at the guilt-innocence stage or at the punishment stage. Felder v. State, 848
S.W.2d 85, 99 (Tex. Crim. App. 1992); Guzmon v. State, 697 S.W.2d 404, 408 (Tex. Crim.
App. 1985); Caron v. State, 162 S.W.3d 614, 617 (Tex. App.-Houston [14th Dist.] 2005,
no pet.). The testifying defendant may be contradicted, impeached, made to give evidence
against himself or herself, cross-examined about new matters, and treated in every respect
as any other witness testifying on behalf of the defendant, except when there are overriding
constitutional or statutory prohibitions. Guzmon, 697 S.W.2d at 408. (5)

 Under Texas law, the scope of cross-examination is "wide open." See Tex. R. Evid.
611(b) (6); Felder, 848 S.W.2d at 99. A defendant who decides to testify at trial is subject to
questioning by the State on any matter which is relevant. Felder, 848 S.W.2d at 99. Thus,
the State is entitled to pursue all avenues of cross-examination reasonably calculated to
expose a motive, bias, or interest for the witness to testify. See Carroll, 916 S.W.2d at
497; Lewis v. State, 815 S.W.2d 560, 565 (Tex. Crim. App. 1991). Evidence to show bias
or interest of a witness covers a wide range and encompasses all facts and circumstances
which, when tested by human experience, tend to show a witness may shade his or her
testimony for the purpose of helping to establish only one side of the cause. Carroll, 916
S.W.2d at 497; Jackson v. State, 482 S.W.2d 864, 868 (Tex. Crim. App. 1972). A party
should be allowed to show all facts that tend to demonstrate bias, interest, prejudice, or
any other motive, mental state, or status of the witness that, fairly considered and
construed, might even tend to affect the witness's credibility. Hinojosa v. State, 788
S.W.2d 594, 600 (Tex. App.-Corpus Christi 1990, pet. ref'd). Motives that operate on the
mind of a witness while he or she testifies are material to the trial because of its effect on
the witness's credibility. See Coleman v. State, 545 S.W.2d 831, 834 (Tex. Crim. App.
1977).

 Here, Quiroz took the stand and testified the police found $562 in his house. 
Furthermore, he asked the judge to place him on community supervision. Thus, the
State's questions on cross-examination were relevant to Quiroz's credibility; specifically,
his statement regarding the amount of money he had in his house. This line of questioning
tested Quiroz's credibility in an attempt to discover the truth about how much money he
made from dealing drugs. The amount of money he made from dealing drugs tends to
reflect upon the extent of his drug dealing. And, the extent of his drug dealing is relevant
to Quiroz's suitability for community supervision. Because our law provides wide latitude
during cross-examination of a testifying defendant during the punishment stage, the State
was entitled to question Quiroz about those matters relevant to both his credibility and his
suitability for community supervision. The complained-of cross-examination does not show
that the prosecutor was either harassing Quiroz or trying to embarrass him. See Tex. R.
Evid. 611(a). (7) Therefore, the trial court, by overruling counsel's objection, did not deny
Quiroz a fair punishment hearing. Accordingly, we conclude the trial judge did not abuse
his discretion by overruling counsel's objection. The issue is overruled.

 We affirm the judgments of the trial court.




 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 7th day of August, 2008.
1. For each of the offenses before this Court, the trial court signed a document entitled "Trial Court's
Certificate of Defendant's Right of Appeal," certifying that these cases were not plea-bargain cases and that
the defendant has the right of appeal. 
2. See Tex. Health & Safety Code Ann. § 481.115(a), (c) (Vernon 2003).
3. See Tex. Health & Safety Code Ann. § 481.112(a), (b) (Vernon 2003).
4. See Tex. Health & Safety Code Ann. § 481.112(a), (c) (Vernon 2003). 
5. The Guzmon court listed examples of prohibitions as when a statute forbids certain matters to be
used against the defendant, such as proof of his or her conviction on a former trial of the same case, or his
or her failure to testify at a former trial, or a confession made while he or she was in jail without having been
first cautioned that the confession might be used against him or her. Guzmon v. State, 697 S.W.2d 404, 408
(Tex. Crim. App. 1984). 
6. Texas Rule of Evidence 611(b) provides, in relevant part: "[a] witness may be cross-examined on
any matter relevant to any issue in the case, including credibility." Tex. R. Evid. 611(b).
7. Texas Rule of Evidence 611(a) provides: "The court shall exercise reasonable control over the mode
and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and
presentation effective for the ascertainment of the truth, (2) avoid needles consumption of time, and (3) protect
witnesses from harassment or undue embarrassment." Tex. R. Evid. 611(a).