

**NUMBERS 13-08-030-CR, 13-08-031-CR,
13-08-032-CR, 13-08-033-CR, 13-08-034-CR,
13-08-035-CR, 13-08-036-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOSE QUIROZ,**                                       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                               **Appellee.**

---

**On appeal from the 319th District Court
of Nueces County, Texas**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Vela**

Appellant, Jose Quiroz, pleaded guilty, without a plea bargain agreement,[1] to

---

[1] For each of the offenses before this Court, the trial court signed a document entitled "Trial Court's Certificate of Defendant's Right of Appeal," certifying that these cases were not plea-bargain cases and that the defendant has the right of appeal.

possession of a controlled substance listed in penalty group 1 in an amount of more than one gram but less than four grams (cause no. 13-08-030-CR),[2] possession with intent to deliver a controlled substance in penalty group 1 in an amount less than one gram (cause nos. 13-08-031-CR & 13-08-032-CR),[3] and possession with intent to deliver a controlled substance in penalty group 1 in an amount of more than one gram but less than or equal to four grams (cause nos. 13-08-033-CR through 13-08-036-CR).[4] Following a punishment hearing, the trial court sentenced Quiroz to ten years' imprisonment in cause no. 13-08-030-CR, two years in a state jail facility for each offense in cause nos. 13-08-031-CR & 13-08-032-CR, and twenty years' imprisonment for each offense in cause nos. 13-08-033-CR through 13-08-036-CR. All sentences were to run concurrently. By a single issue, Quiroz contends the trial court abused its discretion by overruling his counsel's objection to the argumentative nature of the prosecutor's questions, thereby denying him a fair hearing. We affirm.

## I. Punishment Hearing

Quiroz, who was fifty years old at the time of the punishment hearing, denied having a drug problem but testified "I don't do that much, but I just do a little bit." He stated that he supported his drug habit by selling drugs, and testified that the police found $562 in his house. Quiroz asked the trial court to put him on probation and to refer him to drug treatment. He understood that if the trial court considered probation, one of the conditions would be for him to complete a drug-treatment program. He explained that he wanted a chance to show the trial court that he could succeed on probation.

---

[2]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (Vernon 2003).

[3]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (b) (Vernon 2003).

[4]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c) (Vernon 2003).

2

On cross-examination, Quiroz testified he had worked at a Shell station for about five years. He started selling drugs in that Shell station about three or four months before he started selling drugs to undercover police. When the prosecutor questioned Quiroz about the amount of money the police found in Quiroz's house, the following exchange occurred:

Q. And you tell this Judge that they didn't find over $3500 worth of money in your house?

A. They find only $562.

Q. Oh, you wanna read this, sir?

A. I know. I know.

Q. You wanna read what this says?

A. They--he even put the–

Q. So he's lying. Is that what you're telling this Judge?

A. No. I don't say that. But I have only $562 in my pocket.

Q. Can you read, sir?

A. Yes.

Q. Read this out loud, please.

A. Yeah, but they didn't–

Q. Sir, read this loud, please.

A. I don't got my glasses.

Q. Can you read it? You want me to read it to you?

A. Yes.

Q. Okay. "Quiroz had $5 on his person and $3562 cash hidden in a VHS movie container."

A. I never hid 20--I never hid--he put $3,000 more. I never hid–

3

Q. Oh, so he took it out of his pocket and he put it there. Is that what you're telling the Judge?

A. I don't . . .

Q. What about the scales, sir?

A. The scale? I had the scale.

At this point, defense counsel objected that the prosecutor was "argumentative." The trial court did not rule on the objection, and the prosecutor's questioning continued as follows: "So you're saying the officer's lying. Is that what you're telling this Judge?" Before Quiroz answered the question, defense counsel asked the trial court for a ruling on his objection. The trial court overruled the objection.

## II. Discussion

In his sole issue, Quiroz contends the trial court abused its discretion by overruling defense counsel's objection to the argumentative nature of the prosecutor's questions, thereby denying him a fair hearing.

The scope of cross-examination is within the discretion of the trial judge. *See Carroll v. State*, 916 S.W.2d 494, 498 (Tex. Crim. App. 1996) (noting that "the trial judge has the discretion to limit cross-examination"); *Crenshaw v. State*, 125 S.W.3d 651, 654-55 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd). An abuse of discretion occurs "when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992); *see Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

A defendant who exercises his or her right to testify is subject to the same rules governing examination and cross-examination as any other witness, whether he or she

4

testifies at the guilt-innocence stage or at the punishment stage. *Felder v. State*, 848 S.W.2d 85, 99 (Tex. Crim. App. 1992); *Guzmon v. State*, 697 S.W.2d 404, 408 (Tex. Crim. App. 1985); *Caron v. State*, 162 S.W.3d 614, 617 (Tex. App.–Houston [14th Dist.] 2005, no pet.). The testifying defendant may be contradicted, impeached, made to give evidence against himself or herself, cross-examined about new matters, and treated in every respect as any other witness testifying on behalf of the defendant, except when there are overriding constitutional or statutory prohibitions. *Guzmon*, 697 S.W.2d at 408.[5]

Under Texas law, the scope of cross-examination is "wide open." *See* TEX. R. EVID. 611(b)[6]; *Felder*, 848 S.W.2d at 99. A defendant who decides to testify at trial is subject to questioning by the State on any matter which is relevant. *Felder*, 848 S.W.2d at 99. Thus, the State is entitled to pursue all avenues of cross-examination reasonably calculated to expose a motive, bias, or interest for the witness to testify. *See Carroll*, 916 S.W.2d at 497; *Lewis v. State*, 815 S.W.2d 560, 565 (Tex. Crim. App. 1991). Evidence to show bias or interest of a witness covers a wide range and encompasses all facts and circumstances which, when tested by human experience, tend to show a witness may shade his or her testimony for the purpose of helping to establish only one side of the cause. *Carroll*, 916 S.W.2d at 497; *Jackson v. State*, 482 S.W.2d 864, 868 (Tex. Crim. App. 1972). A party should be allowed to show all facts that tend to demonstrate bias, interest, prejudice, or any other motive, mental state, or status of the witness that, fairly considered and

---

[5]The *Guzmon* court listed examples of prohibitions as when a statute forbids certain matters to be used against the defendant, such as proof of his or her conviction on a former trial of the same case, or his or her failure to testify at a former trial, or a confession made while he or she was in jail without having been first cautioned that the confession might be used against him or her. *Guzmon v. State*, 697 S.W.2d 404, 408 (Tex. Crim. App. 1984).

[6]Texas Rule of Evidence 611(b) provides, in relevant part: "[a] witness may be cross-examined on any matter relevant to any issue in the case, including credibility." TEX. R. EVID. 611(b).

construed, might even tend to affect the witness's credibility. *Hinojosa v. State*, 788 S.W.2d 594, 600 (Tex. App.–Corpus Christi 1990, pet. ref'd). Motives that operate on the mind of a witness while he or she testifies are material to the trial because of its effect on the witness's credibility. *See Coleman v. State*, 545 S.W.2d 831, 834 (Tex. Crim. App. 1977).

Here, Quiroz took the stand and testified the police found $562 in his house. Furthermore, he asked the judge to place him on community supervision. Thus, the State's questions on cross-examination were relevant to Quiroz's credibility; specifically, his statement regarding the amount of money he had in his house. This line of questioning tested Quiroz's credibility in an attempt to discover the truth about how much money he made from dealing drugs. The amount of money he made from dealing drugs tends to reflect upon the extent of his drug dealing. And, the extent of his drug dealing is relevant to Quiroz's suitability for community supervision. Because our law provides wide latitude during cross-examination of a testifying defendant during the punishment stage, the State was entitled to question Quiroz about those matters relevant to both his credibility and his suitability for community supervision. The complained-of cross-examination does not show that the prosecutor was either harassing Quiroz or trying to embarrass him. *See* TEX. R. EVID. 611(a).[7] Therefore, the trial court, by overruling counsel's objection, did not deny Quiroz a fair punishment hearing. Accordingly, we conclude the trial judge did not abuse his discretion by overruling counsel's objection. The issue is overruled.

We affirm the judgments of the trial court.

---

[7]Texas Rule of Evidence 611(a) provides: "The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needles consumption of time, and (3) protect witnesses from harassment or undue embarrassment." TEX. R. EVID. 611(a).

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 7th day of August, 2008.